# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                             **Criminal Action No. 5:13-CR-25**
                                                   **(BAILEY)**

**DAMON RASHAD REESE,**

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR
## REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

Pending before this Court is the *pro se* defendant's letter dated July 14, 2015, which this Court construes as a Motion for Relief Pursuant to Title 18 U.S.C. § 3582(c)(2) [Doc. 58]. Pursuant to § 3582(c), this Court may reduce the sentence of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*). Pursuant to Amendment 782, the base offense level for most drug trafficking offenses was reduced by two levels, effective November 1, 2014. The United States Sentencing Commission unanimously voted to apply Amendment 782 retroactively; however, subject to USSG § 1B1.10(c)(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

18 U.S.C. § 3582(c)(2) provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been

1

sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. See **United States v. Dunphy**, 551 F.3d 247 (4th Cir.), *cert. denied,* 129 S.Ct. 2401 (2009); Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding involving the reduction of sentence under 18 U.S.C. § 3582(c)).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [782], and all other guideline decisions will remain unaffected." **United States v. Gilliam**, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing USSG § 1B1.10. See **Dillon v. United States**, 560 U.S. 817, 826 (2010)("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.").

In this case, despite the fact that the appointment of counsel is not required, the defendant's interests are represented by the Federal Public Defender, who reviewed this case on defendant's behalf. In addition, at this Court's request, the United States Probation Office has reviewed the defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2) and has calculated the defendant's amended guideline range.

In addition, in determining to grant the sentence reduction, this Court has considered the factors set forth in 18 U.S.C. § 3553(a) to determine (1) whether a reduction in sentence is warranted; and (2) the extent of such reduction, but only within the limits described in USSG § 1B1.10(b).

This Court has also considered the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining (1) whether a reduction in sentence is warranted; and (2) the extent of such reduction, but only within the limits described in USSG § 1B1.10(b).

The original sentencing judge found a base offense level of 26, less three levels for acceptance of responsibility, and minus another 3 levels for a total offense level of 20. The Court further found, however, that the defendant was a career offender, mandating an offense level 34, less three levels for acceptance of responsibility, and less another 3 levels for a total offense level of 28. With a criminal history category of VI, the guidelines provided a sentencing range of 140-175 months. The Judge sentenced the defendant to a sentence of 140 months.

Using the 2014 guideline amendments, the offense level for a career offender did not change. Accordingly, this Court will not reduce the defendant's sentence.

For the reasons stated above, defendant's *pro se* Motion for Relief Pursuant to Title 18 U.S.C. § 3582(c)(2) **[Doc. 58]** is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and the USPO and to mail a copy to the defendant.

**DATED:** July 23, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE