IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                               **Criminal Action No. 5:13-CR-25**
                                               **Civil Action No. 5:18-CV-6**
                                               **(BAILEY)**

**DAMON RASHAD REESE,**

    Defendant.

## **ORDER DENYING § 2255 MOTION**

On this day, the above-styled matter came before this Court for consideration of the *pro se* defendant's Letter construed as a Motion to Vacate under 28 U.S.C. § 2255 [Doc. 81[1]] and defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on the court-approved form [Doc. 88]. Therein, the defendant asks that this Court re-sentence him in the Guideline range of 70 to 87 months. In support, the defendant argues that: (1) he was improperly sentenced as a career offender on the basis of two prior felony drug convictions; (2) he only has one proper predicate felony drug offense because his two drug charges were consolidated for sentencing; and (3) because, while he has two intervening arrests, he only has one sentence, he did not have the necessary predicate offenses for applications of the Career Offender provision and must be re-sentenced [Doc. 81]. He also argues ineffective

---

[1] The docket numbers in this Order refer to the Criminal docket numbers.

assistance of counsel based on his counsel not contesting the career offender enhancement [Doc. 88 at 6].

These are the same arguments defendant has made in other motions already ruled on by this Court [Docs. 93, 96]. This Court has already found that he was properly sentenced as a career offender and that his prior sentences did not serve as a single consolidated sentence under the law [Docs. 93, 96 at 1]. In addition to the reasoning already provided twice by this Court, defendant's § 2255 motion is also untimely.

Under 28 U.S.C. § 2255(f), a one year limitation applies to motions brought under that section. This one year period runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

First, when a prisoner does not file a notice of appeal, the judgment becomes final when the time for seeking such review expires. *Clay v. United States*, 537 U.S. 522

(2003). Defendant's judgment order was entered on July 11, 2014 [Doc. 47]. Defendant did not appeal, therefore his conviction became final for the purposes of § 2255(f)(1) on July 25, 2014, fourteen days after the judgment of conviction. See *Clay*, 537 U.S. at 525. Defendant had one year, or until July 25, 2015, to file a timely § 2255 Motion. However, he did not file this Motion until January 16, 2018, over two years after the one-year statute of limitations had expired. Therefore, the Motion is untimely.

Second, the defendant argues that it was his counsel's fault that no appeal was ever filed. Therefore, there was no prevention of filing based on any governmental action.

Third, defendant claims two Fourth Circuit cases—*United States v. Davis*, 720 F.3d 215 (4th Cir. 2013) and *United States v. Carthorne*, 878 F.3d 458 (4th Cir. 2017)—provide support for his argument that he should never have been sentenced as a career offender [Doc. 81]. Obviously, neither case is a Supreme Court case and neither are applicable to the defendant's case even if they were. *Davis* has already been analyzed and ruled that it is inapplicable to the instant case [Doc. 93 at 3]. *Carthorne* is also not applicable to the instant case because *Carthorne* dealt with whether a prior offense used for classifying a defendant as a career offender categorically involves the use of physical force. See *Carthorne*, 878 F.3d at 468. However, this case is not applicable to the defendant's case because the defendant was deemed a career offender for previous drug convictions, not crimes of violence. Additionally, in a later letter addressed to this Court, defendant asks if two recent Supreme Court cases—*Hughes v. U.S.*, 138 S.Ct. 1765 (2018) and *Koons v. U.S.*, 138 S.Ct. 1783 (2018)—are applicable to his case [Civil Doc. 6]. Neither case is applicable here because the issues in those

3

cases were whether previously imposed sentences were "based on" a sentencing guideline range. See *Hughes*, 138 S.Ct. at 1778 (holding that a sentence imposed pursuant to a binding plea agreement was "based on" the Sentencing Guidelines as long as that range was part of the sentencing judge's framework in accepting the plea agreement); *Koons* 138 S.Ct. at 1790 (holding that a downward departure of a mandatory minimum sentence because of substantial assistance was not "based on" Sentencing Guidelines ranges). Defendant contends that he was improperly deemed a career offender, which is not the issue in either of these two Supreme Court cases.

Finally, there are no new arguments that could not have been brought up within the one year limitation provided by § 2255. The defense could have challenged the career offender enhancement at sentencing. Additionally, the ineffective assistance of counsel claim could have been brought within a year of his conviction.

Accordingly the *pro se* defendant's Letter construed as a Motion to Vacate under 28 U.S.C. § 2255 **[Crim. Doc. 81; Civil Doc. 1]** and defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Doc. 88]** are **DENIED** and **DISMISSED** as untimely. The Clerk is directed to **STRIKE** this action from the docket and enter judgment in favor of the United States.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* defendant.

**DATED**: March 11, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE